UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

LAQUAN JOHNSON,

    Plaintiff,

V.

CARRIE CUNNAGIN, et al.,

    Defendants.

Civil Action No. 6:20-cv-143-KKC

**MEMORANDUM OPINION AND ORDER**

\*\*\* \*\*\* \*\*\* \*\*\*

Federal inmate LaQuan Johnson has filed a complaint alleging various violations of his constitutional rights. Johnson, who is proceeding without an attorney in this matter, has been granted pauper status. Accordingly, the Court now performs a preliminary screening of Johnson's allegations, dismissing any portion of the complaint that is frivolous, malicious, or fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2). For the reasons that follow, the majority of Johnson's claims will be dismissed, but the Court will order a response from two of the eight defendants.

In his complaint, Johnson claims he has been provided with inadequate medical care by Dr. Carrie Cunnagin and Nurse Free at the United States Penitentiary-McCreary, where he is currently incarcerated, as well as by Dr. Nadum, an outside orthopedic specialist. [R. 1 at 2-7.] Johnson claims the USP-McCreary medical supervisor and warden both failed to respond to his grievances regarding the inadequate medical care. [*Id.* at 4.] And Johnson also takes issue with the fact that he has not been transferred to a lower security facility despite his favorable record. [*Id.* at 7-10.] Because Johnson is proceeding in this matter without an attorney, the Court evaluates

his claims with leniency. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). Further, at this stage of the proceedings, the Court accepts Johnson's factual allegations as true and liberally construes the legal claims in his favor. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

Before addressing Johnson's specific claims, the Court notes a preliminary point. After reviewing Johnson's complaint on the whole, the Court finds the complaint is best characterized as a civil rights complaint brought under the doctrine announced in *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971), and not the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2672, *et seq*. This is true despite the fact that Johnson attaches an administrative tort claim document to his complaint. [*See* R. 1-1 at 1-2.] Johnson does not name the United States of America as a defendant but instead seeks money damages against individual defendants. And when asked what laws he believes were violated, he says nothing about negligence or other tort law but rather references the First and Eighth Amendments, a BOP Program Statement regarding pharmacy services, and "other rights violated dealing with my security level and more laws . . . ." [R. 1 at 11.] Accordingly, the Court treats Johnson's complaint as one asserting *Bivens* claims. If Johnson does wish to pursue tort claims under the FTCA in addition to *Bivens*, he should specifically file an action against the United States asserting those desired claim(s).

The Court now turns to the *Bivens* claims Johnson does assert in his complaint. Johnson first contends that Dr. Carrie Cunnagin, Nurse Free, and Dr. Nadum all acted with deliberate indifference to his serious medical needs in violation of the Eighth Amendment. Notably, only two of those three healthcare providers are USP-McCreary providers. Johnson refers to Dr. Nadum as an "outside doctor" from Lake Cumberland Orthopedics. [R. 1 at 2, 4.] As such, Dr. Nadum is not a federal employee for purposes of *Bivens* liability, even if his private entity

2

specifically contracts with the federal government. *See Correctional Servs. Corp. v. Malesko*, 534 U.S. 61, 66-73 (2001) (declining to extend the "limited [*Bivens*] holding to confer a right of action for damages against private entities acting under color of federal law"); *Minneci v. Pollard*, 565 U.S. 118, 125 (2012) (declining to extend *Bivens* against private federal prison operator, in part because "in the case of a privately employed defendant, state tort law provides an 'alternative, existing process' capable of protecting the constitutional interests at stake"). Dr. Nadum is thus dismissed from the action. But as for Johnson's deliberate indifference claims against Dr. Cunnagin and Nurse Free, the Court would benefit from a response from those USP-McCreary providers. Because Johnson is incarcerated and proceeding without counsel, the Court will direct the United States Marshals Service ("USMS") to carry out service on those defendants on his behalf. *See* Fed. R. Civ. P. 4(c)(3); 28 U.S.C. § 1915(d).

In addition to his deliberate indifference claims, Johnson asserts that Ms. Jones, the "overseer" of the USP-McCreary medical department [R. 1 at 1], and Warden Gregory Kizziah ignored his complaints about his medical care and failed to appropriately respond to his grievances. [*Id.* at 4.] However, the Sixth Circuit Court of Appeals has held that "the denial of a grievance or the failure to act upon the filing of a grievance is insufficient to establish liability." *Johnson v. Aramark*, 482 F. App'x 992, 993 (6th Cir. 2012) (citations omitted). Additionally, vicarious liability is inapplicable to *Bivens* suits and in order to recover against a particular defendant, a plaintiff must "plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). Beyond the alleged failure to respond to his grievances, Johnson has not claimed Jones and Kizziah, through their own actions, violated his constitutional rights. Accordingly, the claims against Jones and Kizziah will be dismissed. *See* 28 U.S.C. § 1915(e)(2)(B).

3

Johnson also takes issue with the fact that Jennifer Reid, his case manager, has failed to transfer him to a different facility. [R. 1 at 7-10.] Because of his good behavior, program participation, and GED completion, Johnson believes he is eligible for transfer to a lower-security Federal Correctional Institution. Johnson does not point to a specific constitutional right he believes has been abridged by Ms. Reid, but he does allege there were "other rights violated dealing with [his] security level." [*Id.* at 11.] Unfortunately for Johnson, courts have already made clear that the conduct described in his complaint does not amount to a constitutional violation recoverable under *Bivens*. "[A] prisoner does not have a constitutional right to placement in any particular prison . . . or in a particular security classification." *Ford v. Harvey*, 106 F. App'x 397, 399 (6th Cir. 2004) (citing *Olim v. Wakinekona*, 461 U.S. 238, 250 (1983); *Montanye v. Haymes*, 427 U.S. 236, 242 (1976)). Accordingly, Johnson fails to state a due process claim against Reid or anyone else regarding his facility transfer (or lack thereof). *Id.*

Finally, the Court notes that Johnson lists "John Doe and Jane Doe" as defendants on the first page of his complaint form. [R. 1 at 1.] As a general matter, plaintiffs are allowed to name Doe defendants if they do not know the identify of the individuals who harmed them. However, here, no mention at all is made of the Doe defendants in the rest of the complaint. Johnson never explains what, if anything, the Doe defendants did to violate his constitutional rights and trigger *Bivens* liability. Therefore, his claims against the Doe defendants will also be dismissed for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B).

In sum, Johnson has articulated Eighth Amendment claims against Dr. Cunnagin and Nurse Free that survives the Court's preliminary screening. However, the rest of his claims must be dismissed. *See id.* For these reasons, and being otherwise sufficiently advised, the Court hereby **ORDERS** as follows:

1. Johnson's claims against Dr. Nadum, Ms. Jones, Gregory Kizziah, Jennifer Reed, John Doe, and Jane Doe are **DISMISSED** for failure to state a claim upon which relief can be granted. *See* 28 U.S.C. § 1915(e)(2)(B).

2. The Deputy Clerk shall prepare four "Service Packets" for service upon the United States of America, the Office of the Attorney General, and Defendants Dr. Carrie Cunnagin and Nurse Free. Each Service Packet shall include:

    a. a completed summons form;

    b. the complaint [R. 1];

    c. a copy of this Order; and

    d. a completed USM Form 285.

3. The Deputy Clerk shall deliver the Service Packets to the USMS in Lexington, Kentucky, and shall note the date of delivery in the docket.

4. The USMS shall serve the United States of America by sending a Service Packet by certified or registered mail to the Civil Process Clerk at the Office of the United States Attorney for the Eastern District of Kentucky and to the Office of the Attorney General of the United States in Washington, D.C.

5. The USMS shall personally serve Defendants Dr. Carrie Cunnagin and Nurse Free at USP-McCreary in Pine Knot, Kentucky, through arrangement with the Federal Bureau of Prisons.

6. Johnson must immediately advise the Clerk's Office of any change in his current mailing address. Failure to do so may result in dismissal of this case.

Dated September 02, 2020



KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY

5