UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

LAQUAN JOHNSON,

    Plaintiff,

V.

CARRIE CUNNAGIN, et al.,

    Defendants.

Civil Action No. 6:20-cv-143-KKC

**MEMORANDUM OPINION AND ORDER**

\*\*\*  \*\*\*  \*\*\*  \*\*\*

Laquan Johnson claims that two healthcare providers at the Federal Correctional Institution-McCreary in Pine Knot, Kentucky, violated his constitutional rights by providing him inadequate medical treatment. The healthcare providers, Dr. Cunnagin and Nurse Free, have filed a motion to dismiss or, in the alternative, a motion for summary judgment on Johnson's claims. After reviewing the arguments of all parties, the Court will **GRANT** the Defendants' motion.

Prior to Johnson's incarceration at USP-McCreary, he was housed at USP-Atlanta in Atlanta, Georgia. While at USP-Atlanta, Johnson was diagnosed with "mononeuropathy of the upper right limb" and given Amitriptyline, Naproxen, and a bottom bunk pass. [R. 1 at 2.] In 2019, Johnson was transferred to USP-McCreary, and he brought a prescription for Amitriptyline and Naproxen from his USP-Atlanta provider with him. One week after arriving at USP-McCreary, Johnson saw Dr. Carrie Cunnagin for a medical examination. Johnson claims that after a five minute visit, Cunnagin revoked his nerve damage medication and bottom bunk pass. [*Id.* at 3.] Johnson further asserts that when he asked to keep his prescriptions and bottom bunk pass in place, Dr. Cunnagin became hostile with him and threatened to send him to the SHU. [*Id.* at 2-3.]

On June 1, 2019, Johnson fell off his top bunk and sustained a finger injury. [*Id.* at 3.] Johnson claims he went to sick call on the morning of June 2 and saw Nurse Free; however, Free refused to help him. Johnson then went to sick call the next day, June 3, and received a bottom bunk pass and a referral to a specialist for his finger. [*Id.*] Johnson contends that both Dr. Cunnagin and Nurse Free violated his Eighth Amendment right to be free from cruel and unusual punishment. Accordingly, he seeks money damages and the return of the medication he was prescribed at USP-Atlanta. [*Id.* at 15.]

In order to state a cognizable Eighth Amendment claim for inadequate medical care, "a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to the plaintiff's serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Such a claim involves a two-part inquiry: "both an objective component (was the deprivation sufficiently serious?) and a subjective component (did the officials act with a sufficiently culpable state of mind?)" must be proven before relief may be granted. *Caldwell v. Moore*, 968 F.2d 595, 602 (6th Cir. 1992) (citing *Wilson v. Seiter*, 501 U.S. 294 (1991)). Notably, allegations of medical malpractice or negligent diagnosis and treatment are not cognizable in the constitutional context. *See, e.g., Alexander v. Federal Bureau of Prisons*, 227 F. Supp. 2d 657, 665 (E.D. Ky. 2002). "Moreover, when a plaintiff claims deliberate indifference to his serious medical needs but the case involves a difference of opinion between the plaintiff and a doctor regarding the plaintiff's diagnosis and treatment, no claim is stated." *Id.* (citing *Estelle*, 429 U.S. at 107).

Applying this law to Johnson's claims against Dr. Cunnagin, the Court finds Cunnagin's motion to dismiss should be granted. Johnson complains that Cunnagin failed to listen to him and/or misdiagnosed him and that she ultimately canceled certain prescriptions and the lower bunk pass he received at USP-Atlanta for no reason. But the record reflects that Cunnagin examined

Johnson and found no medical basis to continue those prescriptions or to provide him a lower bunk pass. [*See* R. 19-3 at 1-4, 17, 79-87.] Further, although Johnson suggests Cunnagin was verbally hostile towards him, Johnson does not actually claim that Cunnagin changed his course of treatment to intentionally cause him pain. [*See* R. 1.] Instead, Johnson takes issue with the adequacy of the treatment he received from Cunnagin on the whole, repeatedly claiming that Cunnagin simply "refuses to acknowledge [him]" or "refused to respond" to his stated needs at his desired times. [R. 22 at 3.] This falls within the scope of ordinary medical malpractice:

> [A] plaintiff alleging deliberate indifference must show more than negligence or the misdiagnosis of an ailment. When a prison doctor provides treatment, albeit carelessly or inefficaciously, to a prisoner, he has not displayed a deliberate indifference to the prisoner's needs, but merely a degree of incompetence which does not rise to the level of a constitutional violation.

*Comstock v. McCrary*, 273 F.3d 693, 703 (6th Cir. 2001) (internal citations omitted).

Finally, although Johnson suggests this was a scenario where "no course of treatment of <u>any kind</u> was given" to him, [*see* R. 22 at 7 (emphasis in original)], the records indicate that Cunnagin did in fact meet with Johnson on May 6, 2019, and that she also arranged for ongoing blood pressure checks for Johnson. These checks, in Cunnagin's professional opinion, were medically indicated, whereas continuing to provide Johnson with Amitriptyline, Naproxen, and a bottom bunk pass was not. [*See* R. 19-3 at 79-80.]

As for Johnson's claims against Nurse Free, upon further review of the pleadings and arguments made the Court concludes Johnson has failed to state a claim of constitutional dimension against her. Johnson alleges that Free failed to provide him with care for his injured finger on June 2, the day after the accident, and that he did not receive treatment until June 3. [R. 1 at 4.] However, Johnson fails to actually trace his injury in any way to Free's conduct. He does not make clear what harm, if any, the one-day delay in treatment caused him. Instead, Johnson's

3

complaint as well as the overall record suggest the delay caused no harm and that, instead, Johnson received full and adequate care for his finger from prison healthcare providers the next day. [R. 1 at 4; R. 19-4 at 57-64.] Johnson's allegations against Free, therefore, do not rise to the level of an Eighth Amendment deliberate indifference claim.

For these reasons, the Court hereby **ORDERS** as follows:

1. The Defendants' Motion to Dismiss [R. 19] is **GRANTED**;

2. Johnson's claims against Dr. Cunnagin and Nurse Free are **DISMISSED**;

3. This matter is **CLOSED** and **STRICKEN** from the Court's active docket; and

4. Judgment will be entered contemporaneously herewith.

Dated June 07, 2021

KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY